IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| TIMOTHY DRATZ, | Cause No. CV 13-118-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

_____

On June 10, 2013, Petitioner Timothy Dratz moved to proceed in forma

pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Dratz is

a state prisoner proceeding pro se.

On June 21, 2013, Dratz was ordered to clarify his allegations and to explain

why he failed to present his claim in the courts of the State of Montana. *See* Order

(doc. 4) at 2-5. He responded on June 27, 2013. On July 31, 2013, the Court ordered

the State to file the revocation judgment stating the sentence Dratz challenges. The

State complied on August 14, 2013. On August 21, 2013, Dratz inquired whether he

is entitled to the appointment of counsel and again clarified his claim. *See* Notice (doc. 10).

Dratz has explained that he does not challenge the revocation of his suspended sentence or the fact that he did not receive credit for time served prior to revocation. He states that when his previously suspended sentence was revoked, he was sentenced to ten years in the custody of the Department of Corrections. This was error, he asserts, because state law requires suspension of all but the first five years of the sentence. Resp. to Order (doc. 5) at 1 (citing Mont. Code Ann. § 46-18-201(3))[1]; *see also* Revocation Judgment (doc. 9-2) at 2.

Under Montana law, if the defendant is sentenced to the custody of the Department of Corrections rather than to prison, all but the first five years of a sentence must be suspended. Mont. Code Ann. § 46-18-201(3)(a)(iv)(A). A DOC commitment thus allows the Department to exercise discretion as to where the offender should be placed – in prison, in a less restrictive custodial environment, or under supervision in the community – for the first five years of the sentence. After the first five years, the offender begins serving the suspended term under supervision in the community, unless the suspended term is revoked and the court sends the

---

[1] Dratz also cites an unpublished and non-citeable decision, *Skidmore v. Montana*, No. DA 08-0231, 2009 WL 315686 at ¶ 2 (Mont. Feb. 10, 2009).

offender to prison.

Assuming, for the sake of argument, that Dratz's revocation sentence does not comply[2] with § 46-18-201(3)(a)(iv)(A), federal habeas relief is available only for violations of federal law. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Even assuming Dratz has a protectible liberty interest in being supervised in the community after he serves the first five years of his DOC commitment, he cannot show *now* that he *will be* arbitrarily deprived of this right. Within five years, Dratz may well be under supervision in the community. Only if Dratz is not under supervision in the community after expiration of the first five years of his term might he make out a colorable claim of a federal constitutional violation. Therefore, even assuming that Dratz shows a violation of state law, he cannot show a violation of federal law at this time. Relief is not available. 28 U.S.C. § 2254(a).

Further, Dratz fails to explain why he did not present his claim to the Montana Supreme Court. As he was previously advised, "a person who claims that a state's criminal judgment is unconstitutional under federal law must give the state courts the

---

[2] The record before this Court is very limited. One might, for instance, read the paragraphs below the table in the District Court's judgment to impose a five-year suspended term. Alternatively, other factors may have been involved in Dratz's revocation proceedings and may have been decisive. In terms of Dratz's federal petition at hand, the information before the Court is sufficient to support a ruling, and the Court is ruling only on the fate of the current federal habeas petition.

first opportunity to consider his claims." Order (doc. 4) at 3 (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). Dratz has not done that. He may yet be able to do so. *See Lott v. State*, 150 P.3d 337, 342 ¶ 22 (2006).

In sum, Dratz's habeas petition does not show a violation of federal law at this time; and, even if it did, he would still have to present his claim in the Montana Supreme Court before he could proceed in this Court. Dratz's petition should be dismissed. Dismissal at this time will not prejudice Dratz. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). There is no room for debate in this case. Dratz alleges only a violation of state law, not deprivation of a federal constitutional right, and federal habeas relief is not available on that basis. Nor could reasonable jurists conclude that a federal

4

court should overlook Dratz's failure to present his claim in the state courts first. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484). A COA is not warranted.

Dismissal of Dratz's petition is not due to lack of counsel or a pleading defect. The law simply does not support federal habeas relief at this time.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Dratz may file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Dratz files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each

5

recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Dratz from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Dratz must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of September, 2013.

                                                       /s/ Jeremiah C. Lynch
                                                     Jeremiah C. Lynch
                                                     United States Magistrate Judge